Case 2:25-cv-00340   Document 10   Filed 02/02/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIANA ALONSO GAYOSO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00340 |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | § § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Adriana Alonso Gayoso (No. A205756860) was alleged to have been in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Coastal Bend Detention Center in Robstown, Texas, at the time of filing this habeas petition challenging her continued detention under 28 U.S.C. § 2241. (D.E. 1). Petitioner signed the habeas petition on December 17, 2025, it was mailed on December 18, 2025, and received and docketed by this Court on December 22, 2025. (D.E. 1).

Pending is Respondent's Motion to Dismiss filed on January 12, 2026, requesting this case be dismissed as moot because Petitioner was removed to Mexico on December 19, 2025, prior to her petition being received by this Court. (D.E. 8 and D.E. 8-1). The next day, on January 13, 2026, the undersigned ordered Petitioner to file a response to the Motion to Dismiss on or before January 27, 2026. (D.E. 9). To date, none has been filed.

The only relief sought in this matter was Petitioner's challenge to her continued detention. Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982). As Petitioner is no longer in custody, her grounds for relief in this action are moot, her petition no longer presents a live controversy and this Court lacks jurisdiction to consider her claim. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.") Accordingly, it is respectfully recommended that Respondents' Motion to Dismiss be **GRANTED** and this case be **DISMISSED as moot**.

Respectfully submitted on February 2, 2026.

*[signature: Jason Libby]*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).